### TERHUNE *vs.* TAYLOR and others.

1. A mortgage free from usury in its inception, is not affected by a subsequent agreement to forbear suit in consideration of the payment of illegal interest.

2. Interest paid in excess of the legal rate, under agreement for its payment, in consideration of forbearance to sue, will be credited on the amount due on the mortgage.

3. Complainant's title, stated in the bill, not being complete, he was permitted, at the hearing, to amend his bill by setting up his title proved in the cause, to the mortgage, as administrator; his title, though questioned on the hearing, not being questioned by the answer.

---

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. J. C. Paulison,* for complainant.

*Mr. Z. M. Ward,* for Nathaniel Taylor.

THE CHANCELLOR.

The defendant, Taylor, alleges, in his answer, the payment by him to the complainant of usurious interest on the complainant's mortgage, pursuant to an agreement between them, by which, in consideration of such payment, the complainant agreed with him to forbear bringing suit on the mortgage. The mortgage was given by the defendant to William and Alfred Stoutenborough, by whom it was assigned to the complainant's sister, who died intestate, and the complainant became her administrator. The complainant, in his bill, which is filed in his individual right, and not in the representative capacity of administrator of his sister, claims to be the owner of the mortgage, by verbal assignments from the persons who, besides himself, were entitled to distributive shares of his sister's estate. The agreement set up in the answer is stated to have been made with the complainant. It is not alleged that the mortgage was usurious in its inception. The subsequent agreement to forbear suit, in consideration of the payment of illegal interest, would not affect the mortgage. *Donnington* v. *Meeker*, 3 *Stockt.* 362. Any interest which might have been paid in excess of the legal rate, under an agreement for the payment thereof, in consideration of forbearance to sue, would be credited to the defendant on the amount of the money due on the mortgage. *Nightingale* v. *Meginnis*, 5 *Vroom* 461 ; *Trusdell* v. *Jones*, 8 *C. E. Green* 121 ; *S. C., on appeal, Ib.* 554. The proof, however, does not satisfy me that the agreement set up in the answer was made. On the other hand, the weight of the evidence is, that the trifling sums paid by Taylor to the complainant, were gratuities paid in consideration of dilatoriness in paying the interest.

The objection is made on behalf of Taylor, that the complainant has not proved his title to the mortgage. The answer, however, does not question the complainant's title. The complainant does not show a complete title to the mortgage, by his bill. He does not state that it was assigned to him by all the persons who, besides himself, were entitled to distributive shares, but only by some of them, and such is

the proof.    He has put in evidence his letters of administration, however, and he will be permitted to amend his bill by setting up his title to the mortgage, as administrator, and when he shall have so amended his bill, he will be entitled to a decree for the principal and interest of his mortgage, with costs of suit.